MICHAEL E. KINNEY
California Bar No. 77018
LAW OFFICE OF MICHAEL E. KINNEY
438 First St.
Fourth Floor
Santa Rosa, CA 95401
(707) 527-4141
Fax (707) 579-9561
email: kinney@kinnlaw.com

Attorney for Plaintiff
JANET BACKMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET BACKMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA<br><br>    Defendant.<br>_____/ | No.<br><br>COMPLAINT FOR BENEFITS PURSUANT TO THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA) |

    Plaintiff JANET BACKMAN alleges as follows:

**JURISDICTION**

    1.  Plaintiff brings this action for declaratory, injunctive and monetary relief pursuant to § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).  This Court has subject matter jurisdiction pursuant to section 502 of ERISA, 29 U.S.C. § 1132 (e) and (f) as well as 28 U.S.C. § 1331 as this action involves a federal question.

**VENUE**

    2.  Venue is proper in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because Plaintiff resides in this District and the breaches alleged occurred in this District, and the ERISA-governed plan at issue was administered in part in this

Complaint

District. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this District.

**INTRADISTRICT ASSIGNMENT**

3.  This action arises in Sonoma County because Plaintiff resides there and the breaches alleged occurred in Sonoma County.  Therefore, this action should be assigned to the San Francisco or Oakland Division of this Court.

**PARTIES**

4.  At all relevant times, Plaintiff JANET BACKMAN is and was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1102(7), in the Crosscheck, Inc. Health and Welfare Benefits Plan ("the Plan"), a group long term disability insurance plan sponsored by Plaintiff's employer.  Plaintiff resides in the County of Sonoma, California. At all relevant times, the Plan has been an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), covering the employees of CrossCheck, Inc.

5.  At all relevant times, the Plan is and was an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).  At all relevant times the Plan offered long term disability benefits to employees, including Plaintiff.  The Plan was funded through the purchase by the employer of an insurance policy written by UNUM LIFE INSURANCE COMPANY OF AMERICA.

6.  Plaintiff is informed and believes that Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA ("Unum") is a corporation authorized to transact and transacting business in the Northern District of California and can be found in the Northern District of California.  Unum is the insurer of benefits under the Plan, and acted in the capacity of a plan administrator.  At all relevant times, Defendant Unum has been a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).  At all relevant times, Unum has been the claims fiduciary responsible for determining eligibility for benefits and paying benefits under the Plan. Unum administered Plaintiff's claim with a conflict of interest and the bias affected the claims

Complaint

determination.

## FACTS

7. Prior to becoming disabled, Plaintiff worked for CrossCheck, Inc. As an employee of CrossCheck, Inc., Plaintiff was a covered participant under the terms and conditions of the Plan.

8. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the Plan. Specifically, while Plaintiff was covered under the Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the Plan.

9. Pursuant to the terms of the Plan, Plaintiff made a claim for long term disability benefits under the Plan. Defendant determined that Plaintiff was indeed disabled and paid Plaintiff benefits under the Plan. On or about April 18, 2012, Defendant advised Plaintiff that she was eligible to receive Plan benefits, and determined that the date that Plaintiff's disability commenced was September 26, 2011. Plaintiff continued to receive Plan benefits until December 2013.

10. On or about December 16, 2013, Defendant wrote to Plaintiff and advised her that Defendant had determined that Plaintiff was no longer disabled from performing the material and substantial duties of her usual occupation, and that she could return to her former occupation.

11. Plaintiff timely submitted an appeal of Unum's adverse benefit determination in writing and provided Unum with additional medical evidence in support of her claim for disability benefits under the Plan. Despite the additional evidence Plaintiff submitted with her appeal further establishing her total disability, Unum denied Plaintiff's appeal. Plaintiff has thus exhausted her administrative remedies under the Plan with respect to her claim for long-term disability benefits.

12. Defendant breached the terms of the Plan and violated ERISA in the following respects:

   (a) Failing to pay long term disability benefit payments to Plaintiff at a time

when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though Defendant had such knowledge, it denied Plaintiff's benefits;

(b) Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Plan documents in relation to the applicable facts and Plan provisions for the denial of Plaintiff's claim for benefits;

(c) After Plaintiff's claim was denied, Defendant failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary; and

(d) Failing to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim.

13.   Because the insurance policy issued by Unum states that policy anniversaries will be annually beginning on: April 1, 2010, and because Unum's denials of coverage occurred after January 1, 2012, any discretionary authority conferred by the Policy on Unum is null and void under California Insurance Code § 10110.6 and Unum's termination decision must be decided under a de novo standard of review.

14.   Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied her disability benefits under the Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

15.   Following the termination of benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Plan.

16.   As a proximate result of the aforementioned wrongful conduct of Defendant, Plaintiff has damages for the loss of disability benefits in a sum to be proven at the time of trial.

17.   As a further direct and proximate result of the incorrect determination regarding Plaintiff's claim, Plaintiff, in pursuing this action, has been required to incur attorneys' fees

and costs.  Pursuant to 29 U.S.C. § 1132(g)(1), Defendant should be required to pay those fees and costs.

18. The wrongful conduct of Defendant has created uncertainty where none should exist. Therefore Plaintiff is entitled to enforce her rights under the terms of the Plan and to clarify her right to future benefits under the terms of the Plan.

**FIRST CLAIM FOR RELIEF**

**[Claim for Benefits Pursuant to ERISA § 502(a)(1)(B)]**

19. Plaintiff incorporates Paragraphs 1 through 18 as though fully set forth herein.

20. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a participant of a plan to bring a civil action to recover benefits due under the terms of the plan, to enforce his rights under the terms of the plan, and/or to clarify his or her rights to future benefits under the terms of the plan.

21. Plaintiff is entitled to long term disability insurance benefits.  By failing to pay Plaintiff's benefits, Defendant has violated and continue to violate, the terms of the Plan and Plaintiff's rights thereunder.  Plaintiff is entitled to recover the long term disability benefits due her.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court for judgment as follows:

1. Declare that Defendant violated the terms of the Plan and Plaintiff's rights thereunder by failing to pay Plaintiff's long term disability insurance benefits;

2. Order Defendant to pay Plaintiff's benefits pursuant to the terms of the long term disability insurance policy from December 2013 onward together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

3. Award Plaintiff's reasonable attorneys fees herein, together with a multiplier of that sum;

4. Award costs of suit herein incurred; and

5. Provide such other and further relief as the Court deems just.

Dated: December 12, 2014                    LAW OFFICE OF MICHAEL E. KINNEY

By: _____/s/_____
  Michael E. Kinney
  Attorney for Plaintiff

Complaint